1

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RANA MOHAMMAD AZAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No.: |
| v. | § | |
| | § | |
| WILLIAM P. BARR, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD BE ISSUED**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

### I.   INTRODUCTION

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and local rules,

Plaintiff, Rana Mohammad Azam, respectfully submits this memorandum in support of

Plaintiff's request for this Court to issue a temporary restraining order ("TRO") with other

equitable relief.  Plaintiff brings this action to immediately halt Defendant's unfair deportation of

Plaintiff and allow Plaintiff to have Plaintiff's I-246 reviewed by a deportation officer and to file

a motion to reopen Plaintiff's removal proceedings.  Plaintiff will suffer immediate and

---

[1] For the Court's information, Plaintiff's counsel who prepared this document, Edwin Villa, is visually impaired, and uses assistive technology when drafting documents. In particular, counsel relies on screen reader technology, which reads aloud as the document is being typed. As a result, certain typographical and formatting issues are difficult to recognize. Therefore, please forgive any such issues in this document.

1

irreparable injury, loss, or damage by being deported to Pakistan, a country where Plaintiff fears for his life if returned and where Plainiff will reasonably suffer persecution or even death. Therefor, Plaintiff respectfully requests that this honorable Court issue said TRO.

## II. FACTS

Plaintiff is a native and citizen of Pakistan, who entered the United States on August 11, 1991 on a B1 visitor's visa. Then sometime in 1992, Plaintiff filed a form I-589 in order to claim asylum because Plaintiff feared for his life if he were to be returned to Pakistan. However, sometime in 1996, Plaintiff's asylum application was administratively closed by USCIS due to a miscommunication and Plaintiff's presumed failure to attend his asylum interview.

On or about May 21, 1998, USCIS referred Plaintiff's asylum application to EOIR and issued a Notice to appear dated April 18, 1998 with the Master Hearing scheduled on July 22, 1998. Exhibit 1-A. . However, Plaintiff's attorney at that time wrongfully abandoned Plaintiff's asylum claim and instead pursued an adjustment of status through Form I-485, which was ultimately denied on January 20, 1999. Exhibit 1-B. Plaintiff also was wrongfully advised by this counsel to seek voluntary departure. *Id.* Then Plaintiff appealed to the BIA, but this appeal was denied on June 27, 2002. Exhibit 1-C. Plaintiff then hired new counsel who attempted to reopen Plaintiff's removal proceedings by filing a motion to reopen based upon ineffective assistance of counsel. This motion was initially granted on February 5, 2009. Exhibit 1-D. However, the motion was then soon after rescinded on March 3, 2009 based upon a jurisdictional error made by Plaintiff's new counsel. Exhibit 1-E. The rrescinding of the motion to reopen was then appealed by Plaintiff's counsel to the BIA, but the BIA affirmed the IJ's order on April 15, 2009. Exhibit 1-F. The issue

here was that Plaintiff's new counsel also provided Plaintiff with ineffective assistance of counsel as well because that counsel filed the motion to reopen with the IJ instead of with the BIA. This jurisdictional error made by Plaintiff's counsel resulted in the order of deportation being finalized, and a subsequent order of supervision going into effect on November 13, 2009. Exhibit 1-G.

Plaintiff was then detained by ICE on July 22, 2020 and sent to the Montgomery Processing Center in Conroe, Texas. Then, on July 23, 2020 Plaintiff was transferred to the Prairie Land Detention Center where he is currently being detained awaiting deportation. It was at this point that Plaintiff's family retained Coane and Associates, PLLC to represent him.

Plaintiff's counsel attempted to file Form I-246 with the Immigration and Customs Enforcement ("ICE") Houston Field Office on Friday July 24, 2020 in order to stay Plaintiff's deportation, but the office was prematrurely closed at 3pm when it was supposed to be open until 4pm. On July 26, 2020, Plaintiff contacted undersigned counsel and stated that he was told that he was going to be deported later that day. Plaintiff's counsel will be filing Form I-246 in order to stay his deportation first thing on Monday morning. However, Plaintiff now files this TRO in order to temporarily restrain or enjoin said deportation so that he may finally get his fair day in court with his current counsel and be allowed an actual opportunity to present his asylum case, an opportunity which has been denied to him for almost 28 years.

### III.  PLAINTIFF'S TRO SHOULD BE GRANTED TO AVOID SERIOUS AND IMMEDIATE RISK TO PLAINTIFF'S LIFE

**1. Plaintiff is eligible to file a Motion to Reopen his Removal Proceedings**

   a. Plaintiff's first motion to reopen was incorrectly filed

As already briefly discussed, Plaintiff has unfortunately fallen victim to two separate incompetent counsels. The first of which abandoned Plaintiff's valid asylum claim and the second of which filed the motion to reopen in the wrong venue. As a result, Plaintiff has been denied the opportunity for a fair and full hearing of his asylum case and is now currently on the brink of being sent back to the country that he fled in fear of his life almost 30 years ago. Plaintiff's ineffective assistance of counsel regarding his first attorney is clearly demonstrated by the fact that the Immigration Judge ("IJ") actually granted the motion in order to hear Plaintiff's asylum claim, but because of a legal error made by Plaintiff's second attorney, Plaintiff was never allowed to present his asylum case. Both of these errors have cost Plaintiff dearly, and are now the cause of his pending deportation. However, now that Plaintiff has hired competent counsel, only time is needed in order to properly file a motion to reopen based on two claims of ineffective assistance of counsel to the BIA, the correct venue, in order to finally give Plaintiff the chance to be heard. This is why Plaintiff is respectfully requesting this TRO so that his new counsel, Coane and Associates, PLLC, can now finally correct the errors made by Plaintiff's previous counsel.

### b. Plaintiff is eligible to file a new I-589 based on a change in country conditions

Besides the motion to reopen based on Plaintiff's ineffective assistance of counsel described above, Plaintiff is also eligible to file a motion to reopen based upon the recent change in country conditions in Pakistan. Over the past few months, a dramatic shift in power and policy has occurred in India which has resulted in the mass persecution and genocide of Muslims in Pakistan. Exhibit 3 (Country Condition Reports and News Articles detailing the recent persecution of Muslims in Pakistan). Plaintiff is such a Muslim and would be at risk of being subjected to this

potential persecution if he were deported back to Pakistan. This recent and extreme change in country conditions is sufficient to warrant the granting of a motion to reopen in order to allow Plaintiff the opportunity to present a case for asylum. However, if Plaintiff is deported, not only will he lose out on this opportunity, but his life will also be put in immediate and real danger. It is also for this reason that Plaintiff is requesting this TRO.

### 2. Plaintiff warrants a favorable grant of discretion based upon Family Unity

Looking past Mr.. Azam's legal arguments as to why he should be granted this TRO, Plaintiff should also be granted this TRO based on family unity concerns. Plaintiff is the father of three minor United States citizen children. Exhibit 2 (Birth Certificates of three children). Plaintiff is the sole financial provider for these three children. Exhibit 4 (tax returns and other financial documents showing Plaintiff as the only individual receiving income). Without their father, Plaintiff, these three children will have absolutely no way of supporting themselves. All three of Plaintiff's children are currently enrolled in school and are preparing to return to school in the upcoming weeks. However, if their father is deported, these three children will not only suffer the extreme emotional loss of their father, but will also be forced to endure the reality of not being able to financially stay afloat.

Plaintiff and his family live in a home which is owned by Plaintiff and being paid for. *See* Exhibit 4 (mortgage statement). However, if Plaintiff is deported, there is no way that this mortgage will be able to be paid and Plaintiff's family will surely lose the only home that they have ever known. This extremely harsh truth is only exacerbated by the current issues created by the Corona pandemic sweeping through the United States and especially in the Houston area. Without

Plaintiff, his family will be forced to join the millions of Americans suffering through unemployment and even eventual homelessness because they have no way of supporting themselves.

The sad truth is that separating children from their father whom they have known and loved their entire lives is a traumatic experience as it is, but to then add to this trauma the fear of not knowing how and if you will be able to be fed or have a shelter to live in is almost too much for an adult to bear, let alone three small children.  It is for the legal reasons and these humanitarian reasons that Plaintiff pleads to this honorable Court to grant Plaintiff's TRO in order to remain a unified family unit and to afford him the opportunity to correctly present his case to an immigration judge.

## IV.   CONCLUSION

Wherefore the above premises considered, Plaintiff prays that this honorable Court grant Plaintiff's TRO and emmediatly restrain or enjoin Plaintiff's deportation.

Dated: July 26, 2020                                      Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/Bruce A. Coane*
Bruce A. Coane, Attorney-in-Charge
S.D. Tex. #7205
TX Bar #04423600
Email: bruce.coane@gmail.com
Edwin E. Villa
S.D. Tex. #3339324
TX Bar #24110485
Email: edwin.villa@coane.com
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770

Houston, TX 77056
Telephone: 713-850-0066
Facsimile: 713-850-8528

***ATTORNEYS FOR PLAINTIFF***