U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A70 962 264

In Matter of:

Respondent: AZAM, RANA MOHAMMAD                         currently residing at:

7900 BELLAIRE BLVD #111   HOUSTON, TX 77036-0000         000-000-0000
(Number, street, city, state, and ZIP code)               (Area code and phone number)

☐ 1. You are an arriving alien.

☒ 2. You are an alien present in the United States who has not been admitted or paroled.

☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
1) You are not a citizen or national of the United States;
2) You are a native of PAKISTAN and a citizen of PAKISTAN;
3) You entered the United States at or near SAN YSIDRO, CA on or about June 8, 1992;
4) You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
Section 212 (a) (6) (A)(i) of the Immigration and Nationality Act (Act), as amended, as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:
2320 LA BRANCH ST., ROOM 2235, HOUSTON, TX 77004-0000
(Complete Address of Immigration Court, Including Room Number, if any)

on __JUL 22 1998__ at __8:30 AM__ to show why you should not be removed from the United States based on the
   (Date)              (Time)
charge(s) set forth above;

_____
(Signature and Title of Issuing Officer)

Date: __APR 18 1998__                    ANAHEIM, CA
                                         (City and State)

**See reverse for important information**                Form I-862(Rev. 4-1-97)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the judge before whom you the appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

Date: _____

_____
(Signature and Title of INS Officer)

### Certificate of Service

This Notice to Appear was served on the respondent by me on MAY 2 2 1998, in the following manner and in compliance with section 239(a)(1)(F) of the Act:

[ ] in person   [ ] by certified mail, return receipt requested   [x] by regular mail

[x] Attached is a list of organizations and attorneys which provide free legal services.

[ ] The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____   _____
(Signature of Respondent if Personally Served)   (Signature and Title of Officer)

IMMIGRATION COURT
2320 LA BRANCH ST., RM 2235
HOUSTON, TX 77004

In the Matter of

AZAM, RANA MOHAMMAD
Respondent

Case No.: A70-962-264

IN REMOVAL PROCEEDINGS

## ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jan 20, 1999. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ] The respondent was ordered removed from the United States to _____ or in the alternative to _____

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to _____ alternative to _____

[✓] Respondent's application for voluntary departure was granted until 3/22/99 upon posting a bond in the amount of $ 500.- with an alternate order of removal to _____

[ ] Respondent's application for asylum was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for withholding of removal was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal under section 240A(a) was ( )granted ( )denied ( )withdrawn.

[ ] Respondent's application for cancellation of removal was ( ) granted under section 240A(b)(1) ( ) granted under section 240A(b)(2) ( ) denied ( ) withdrawn. If granted, it was ordered that the respondent be issued all appropriate documents necessary to give effect to this order.

[✓] Respondent's application for a waiver under section _____ of the INA was ( )granted ( )denied ( )withdrawn or ( )other.

[✓] Respondent's application for adjustment of status under section ___ of the INA was ( )granted (✓)denied ( )withdrawn. If granted, it was ordered that respondent be issued all appropriate documents necessary to give effect to this order.

[ ] Respondent's status was rescinded under section 246.

[ ] Respondent is admitted to the United States as a _____ until _____.

[ ] As a condition of admission, respondent is to post a $ _____ bond.

[✓] Respondent knowingly filed a frivolous asylum application after proper notice.

[✓] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.

[ ] Proceedings were terminated.

[ ] Other: _____

Date: Jan 20, 1999
Appeal: WAIVED   Appeal Due By: 2/19/99

CLAREASE RANKIN
Immigration Judge

EST

Alien Number: 70-962-264                          Alien Name: AZAM, RANA MOHAMMAD

## LIMITATIONS ON DISCRETIONARY RELIEF FOR FAILURE TO APPEAR

( ) 1. You have been scheduled for a removal hearing, at the time and place set forth on the attached sheet. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years after the date of entry of the final order of removal.

(✓) 2. You have been scheduled for an asylum hearing, at the time and place set forth on the attached notice. Failure to appear for this hearing other than because of exceptional circumstances beyond your control** will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for a period of ten (10) years from the date of your scheduled hearing.

(✓) 3. You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act, and remaining in the United States beyond the authorized date will result in your being found ineligible for certain forms of relief under the Immigration and Nationality Act (see Section A. Below) for ten (10) years from the date of the scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

**the term "exceptional circumstances" refers to circumstances such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BECOME INELIGIBLE ARE:
  1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
  2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
  3) Adjustment of status or change of status as provided for in Section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice must be given to the alien in his/her native language, or in a language he/she understands by the Immigration Judge.
Date: Jan 20, 1999
Immigration Judge: _RANKIN_____  or Court Clerk: _____

---
### CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M)    PERSONAL SERVICE (P)
TO: [✓] ALIEN   [ ] ALIEN c/o Custodial Officer   [ ] ALIEN's ATT/REP   [✓] INS
DATE: _____ BY: COURT STAFF ___RANK___
  Attachments: [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other

V6

ALIEN NUMBER: 70-962-264                              ALIEN NAME: AZAM, RANA MOHAMMAD

```
                      CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)    PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [/] ALIEN's ATT/REP  [/] INS
DATE: _____  BY: COURT STAFF _____
     Attachments:  [ ] EOIR-33  [ ] EOIR-28  [ ] Legal Services List  [ ] Other
```

Q6

**U.S. Department of Justice**
**Executive Office for Immigration Review**

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: A70-962-264 - Houston

Date: JUN 27 2002

In re: AZAM, RANA MOHAMMAD

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Lamb, Jonathan H., Esq.

ON BEHALF OF SERVICE: Cara Wilkins, Assistant District Counsel

ORDER:

PER CURIAM. The Board affirms, without opinion, the results of the decision below. The decision below is, therefore, the final agency determination. See 8 C.F.R. § 3 1(a)(7).

FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the alien is permitted to voluntarily depart from the United States, without expense to the Government, within 30 days from the date of this order or any extension beyond that time as may be granted by the district director. See section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 240.26(c), (f). In the event the alien fails to so depart, the alien shall be removed as provided in the Immigration Judge's order.

NOTICE: If the alien fails to depart the United States within the time period specified, or any extensions granted by the district director, the alien shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act. See section 240B(d) of the Act.

FOR THE BOARD

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
2320 LA BRANCH ST., RM 2235
HOUSTON, TX 77004

In the Matter of:                         Case No.: A070-962-264
AZAM, RANA MOHAMMAD
                                          Docket: HOUSTON, TEXAS
RESPONDENT
                                          IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon consideration of RESPONDENT

( ) Motion to Reconsider an Immigration Judge's decision

( ) Motion to Reopen proceedings

filed in the above entitled matter, it is hereby ordered that the motion

(√) Be Granted

( ) Be Denied for reasons indicated in the attached decision

*Based on deficient performance of counsel.

CLAREASE RANKIN YATES
Immigration Judge
Date: Feb 5, 2009

Appeal: RESERVED (A/I/B)
Appeal Due By: Feb 19, 1999

CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN  [ ] ALIEN c/o Custodial Officer  [ ] Alien's ATT/REP  [ ] DHS
DATE: _____ BY: COURT STAFF _____
Attachments: [ ] EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other

Form EOIR 2 - 2T

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
2320 LA BRANCH ST., RM 2235
HOUSTON, TX 77004


NWAKANMA, ESQ., PRINCE UCHE
7322 SOUTHWEST FWY. STE. #190
HOUSTON, TX 77074

       Date: Mar 3, 2009

       File A070-962-264

       In the Matter of:
        AZAM, RANA MOHAMMAD

_____ Attached is a copy of the written decision of the Immigration Judge. This decision is final unless an appeal is taken to the Board of Immigration Appeals. The enclosed copies of FORM EOIR 26, Notice of Appeal, and FORM EOIR 27, Notice of Entry as Attorney or Representative, properly executed, must be filed with the Board of Immigration Appeals on or before _____.
The appeal must be accompanied by proof of paid fee ($110.00).

_____ Enclosed is a copy of the oral decision.

_____ Enclosed is a transcript of the testimony of record.

_____ You are granted until _____ to submit a brief to this office in support of your appeal.

_____ Opposing counsel is granted until _____ to submit a brief in opposition to the appeal.

✓ Enclosed is a copy of the order/decision of the Immigration Judge.

All papers filed with the Court shall be accompanied by proof of service upon opposing counsel.

       Sincerely,

       [signature]
       Immigration Court Clerk  JL

cc:

(113)

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
2320 LA BRANCH ST., RM 2235
HOUSTON, TX 77004

In the Matter of:  
AZAM, RANA MOHAMMAD

RESPONDENT

Case No.: A070-962-264

Docket: HOUSTON, TEXAS

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon consideration of RESPONDENT

( ) Motion to Reconsider an Immigration Judge's decision

( ) Motion to Reopen proceedings

filed in the above entitled matter, it is hereby ordered that the motion

( ) Be Granted

( ) Be Denied for reasons indicated in the attached decision

*RESCIND ORDER OF FEBRUARY 19, 2009.

CLAREASE RANKIN YATES  
Immigration Judge  
Date: Mar 3, 2009

Appeal: NO APPEAL (A/I/B)  
Appeal Due By

---

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)  
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] Alien's ATT/REP [✓] DHS  
DATE: _____ BY: COURT STAFF  
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

---

Form EOIR 2 - 2T



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Nwakanma, Prince Uche, Esquire
7322 Southwest Freeway, Suite 1900
Houston, TX 77074-0000

Office of the District Counsel/HOU
126 Northpoint Drive
Houston, TX 77060

Name: AZAM, RANA MOHAMMAD

A070-962-264

Date of this notice: 4/15/2009

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    Holmes, David B.

schuckec

U.S. Department of Justice
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

| | | |
|---|---|---|
| File: | A070 962 264 - Houston, TX | Date: APR 1 5 2009 |

In re: RANA MOHAMMAD AZAM

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT: Prince Uche Nwakanma, Esquire

ON BEHALF OF DHS: Mark Evans
Senior Attorney

APPLICATION: Reopening

The Board entered its final decision in this matter on June 27, 2002, at which time it summarily affirmed the Immigration Judge's decision. With certain exceptions, a motion to reopen in any case previously the subject of a final decision by the Board must be filed no later than 90 days after the date of that decision. Section 240(c)(7)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The respondent's motion to reopen was received by the Board on March 13, 2009, over 6 ½ years after the Board's final decision.[1] The respondent acknowledges the untimeliness of his motion, but urges that the time limits should be tolled because he was the victim of deficient performance of counsel before the Immigration Court and the Board. He also urges that there are changed circumstances in Pakistan such that reopening is warranted to allow him to pursue a new application for asylum. The Department of Homeland Security (DHS) opposes the motion.

On January 7, 2009, the United States Attorney General issued a decision setting forth standards for claims involving (what was formerly known as) ineffective assistance of counsel. *Matter of Compean, Bangaly & J-E-C-*, 24 I&N Dec. 710 (A.G. 2009) (*Matter of Compean*). The Attorney General found that there is no constitutional right to effective assistance of counsel in immigration proceedings, but that it is appropriate for the Board to consider in its discretion whether to reopen based on a claim of "deficient performance of counsel." *Matter of Compean, supra*, at 716-27. He also reiterated the importance of a showing of diligence in order to toll the time limits regarding motions to reopen based on a claim of deficient performance of counsel. Specifically, with regard to motions filed beyond the statutory and regulatory time limit, the Attorney General held that the Board may exercise its discretion to allow tolling of the 90-day period, "but only if the alien affirmatively shows that he exercised due diligence in discovering and seeking to cure his lawyer's

---

[1] The respondent filed a motion to reopen with the Immigration Court in January 2009, which the Immigration Judge initially granted, but then vacated upon reconsideration when the DHS challenged jurisdiction over the motion, since the Board had entered the last decision in this matter.

alleged deficient performance." *Matter of Compean, supra*, at 732. Where such a claim is raised, the Attorney General concluded that "this will typically require that the alien prove he made timely inquiries about his immigration status and the progress of his case." *Id.* The Attorney General also found that in order to prevail on a deficient performance of counsel claim, an alien must establish he was prejudiced and that the attorney's conduct was egregious. *Id.* at 732-33.

The respondent claims that his prior attorney, Jonathan Lamb, who represented him before the Immigration Court and the Board, was deficient in his performance because he failed to renew the respondent's asylum application at the time he was placed in removal proceedings in 1998 or on appeal before the Board. Nothing contained in the current motion convinces us that the respondent was diligent in raising this claim against attorney Lamb or that attorney Lamb's conduct was deficient or egregious.

The Board's final decision was issued in June 2002, yet the respondent's declaration provides no details about his conversations with attorney Lamb after the issuance of that decision. The respondent merely states vaguely that he contacted the attorney "to ask him to pursue the asylum claim, and I thought such was done." This vague statement is insufficient to establish exactly when the respondent contacted attorney Lamb, what exactly was said, or that attorney Lamb had agreed to pursue any claims on the respondent's behalf after issuance of the Board's decision. Nor does it reflect that the respondent maintained communication with attorney Lamb after the time of that contact or that he took any other action with regard to his case in the 6-year period that passed after the Board's decision. We therefore do not find that he has been diligent in raising the deficient performance of counsel claim.

In addition, the respondent has presented no evidence that attorney Lamb ever agreed to represent him with regard to an asylum application such that his failure to submit an asylum application to the Immigration Court could be considered deficient or "egregious." The letter he sent the respondent on July 15, 1998, to confirm that he had been retained to represent the respondent at his hearing makes no mention of asylum (*Motion*, tab A-4). Attorney Lamb's statements at the hearing also made clear that he understood that the respondent had withdrawn his asylum application with prejudice and sought only to pursue an application for adjustment of status (Tr. at 3-4). Given that the respondent indicated that he speaks English and chose to testify in English, he should have indicated if there was any inaccuracy in this regard at that time (Tr. at 6-7). Moreover, the copies of the documents that were provided to the respondent showed that only the adjustment application was being filed at the hearing (*Motion*, tab A-5). Thus, he clearly was on notice that no asylum application was being submitted to the court. The respondent's vague statement that he reminded his attorney about the asylum claim does nothing to convince us that he informed attorney Lamb that he wished to renew his asylum application in these removal proceedings or that attorney Lamb agreed to pursue that form of relief on his behalf. In the absence of a showing that there was an agreement to pursue asylum, we do not find that a failure to submit such an application constitutes deficient or egregious conduct. Under these circumstances, we do not find that tolling of the time limit is appropriate or that reopening is warranted in our discretion.

The respondent has also indicated that he wishes to reapply for asylum based on changed circumstances in Pakistan. The time limits do not apply to motions to reopen "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of

2

A070 962 264

nationality." 8 C.F.R. § 1003.2(c)(3)(ii). The respondent urges that conditions have deteriorated in Pakistan, that he still faces danger because of his former membership in the Majahir Quami Movement (MQM) and his criticism of that party, and that his father was recently killed there because MQM members are still looking for him (*Motion*, declaration, tab A). The evidence submitted by the respondent, however, does not reflect a change in Pakistan that is material to his claim. The basis for the respondent's current claim differs somewhat from his initial application, in that his asylum application reflected that he feared the Pakistani authorities because he was and continued to be an active member of the MQM (Exh. 2). His current claim is that he had been a member of the MQM, but then criticized the party and left it, so he fears harm both from the within the MQM and from outside sources that wish to harm MQM members and former members. Putting aside the discrepancies between these claims, his essential claim is that he will be targeted for harm by various entities because of his former activities with regard to the MQM.

The respondent has not presented any evidence in conjunction with his motion, however, that shows conditions are any different in Pakistan now for MQM members, or former members, than they were at the time of his hearing in 1999, when he could have renewed his asylum application. The only background information he submits appears to be a printout from an MQM website reporting various incidents of violence against MQM members between 1999 and 2004 (*Motion*, Table of Exhibits & tab A-1). Rather than showing a change, this information reflects a continuation of circumstances substantially similar to those that existed at the time of his hearing. While he also contends that his father was recently murdered there by MQM members who were still looking for the respondent, the unauthenticated death certificate (*Motion*, tab G) does not list a cause of death and does not support his claims in this regard. 8 C.F.R. § 1287.6. The respondent has not provided sufficient evidence to demonstrate a change since 1999 that is material to his claim. Consequently, he has not established that his motion falls within the exception to the time limits for motions to apply or reapply for asylum based on changed circumstances. Accordingly, the motion to reopen will be denied.

ORDER: The motion to reopen is denied.

_____
FOR THE BOARD

3

U.S. Department of Justice
Immigration and Naturalization Service

*Copy Provided by ISAP*

**Order of Supervision**

File No: A070 962 264
Date: 11/13/2009

Name: **AZAM, Rana Mohammad**

on __04/15/2009__, you were ordered:
(Date of final order)

[ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[X] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X] That you do not travel outside __the state of Texas__ for more than 48 hours without first
(Specify geographic limits, if any)
having notified this Service office of the dates and places of such proposed travel.

[X] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X] That you report in person on ~~December 01, 2009~~ to this Service office at: 126 Northpoint, Houston, TX (Duty Deportation Officer) unless you are granted written permission to report on another date.

[X] That you assist the Immigration and Naturalization Service in obtaining necessary travel documents.

[X] Other: That you do not commit any crimes while on an Order of Supervision.

[X] See attached sheet containing other specified conditions (Continue on separate sheet if required)

_____
(Signature of INS official)

Steven Kutz, SDDO
(Print name and title of INS official)

### Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the __English__ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to fine, detention, or prosecution.

_____        _____        11-13-09
(Signature of INS official serving order)        (Signature of alien)        Date

Form I-220B(Rev. 4/1/97)N

Reported as required.
Officer Initials DLM
Next report date JUNE 22, 2011

Reported as required.
Officer Initials [signature]
Next report date Sept 19, 2011

PERMISSION TO TRAVEL
TO Nevada IS
GRANTED 1-9-12 to 1-18-12
[signature]
DEPORTATION OFFICER
HOUSTON, TEXAS

Reported as required.
Officer Initials [signature]
December 29, 2011

Reported as required.
Officer Initials [signature]
Next report date June 18, 2012

Reported as required.
Officer Initials [signature]
Next report date March 27, 2012

Reported as required.
Officer Initials [signature]
Next report date September 21, 2012

PERMISSION TO TRAVEL
TO FLORIDA IS
GRANTED 6/25 to 7/25/12
[signature]
DEPORTATION OFFICER
HOUSTON, TEXAS

Reported as required.
Officer Initials [signature]
Next report date March 15, 2013

PERMISSION TO TRAVEL
TO Florida IS
GRANTED 5/25/13 to 8/15/13
[signature]
DEPORTATION OFFICER
HOUSTON, TEXAS

Reported as required.
Officer Initials M.L.
SEPT 10 2013
Next report date 09/11/13
SEPTEMBER 11, 2013

Reported as required.
Officer Initials [signature]
Next report date Apr 1, 2014

PERMISSION TO TRAVEL
TO LAS VEGAS IS
GRANTED 01-01-2014 - 01-16-2014
[signature]
DEPORTATION OFFICER
HOUSTON, TEXAS

Reported as required.
Officer Initials [signature]
Next report date October 2, 2014

PERMISSION TO TRAVEL
TO Florida IS
GRANTED 3/23/14 - 8/15/14
DEPORTATION OFFICER
HOUSTON, TEXAS

Reported As Required
Officer Initials [signature]
Next report date Dec 5, 2016

Reported As Required
Officer Initials [signature]
Next report date Dec 4, 2015

PERMISSION TO TRAVEL
TO Illinois IS
GRANTED [signature]
DEPORTATION OFFICER
HOUSTON, TEXAS

Reported As Required
Officer Initials [signature]
Next report date 8-15-17

Reported As Required
Officer Initials CWZ
Next report date 8/10/18

Reported As Required
Officer Initials TB
Next report date September 5, 2019

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

## ORDER OF SUPERVISION (Continuation Page)

| Alien Name | AZAM,, RANA MOHAMMED |
|---|---|
| File Number | 070 962 264 |
| Date | |
| Alien's Signature | |
| Alien's Telephone Number (if applicable) | |
| Alien's Address | |

Picture

Right Index Print

### PERSONAL REPORT RECORD

| Date | Officer | Comment/Changes |
|---|---|---|
| Reported As Required | | |
| Officer Initials | AJ | |
| Next report date | SEPTEMBER 4, 2020 | |

Signature | Title

ICE Form I-220B (10/15) | Page 2 of 4